# H. C. SCHROEDER, Respondent, v. REINHARDT BROS., Appellants.

### Kansas City Court of Appeals, March 4, 1907.

1. **APPELLATE PRACTICE: Abstract: Original Bill of Exceptions.** Where the respondent tacitly admits the correctness of the appellant's abstract the appellate court cannot require the clerk of the trial court to certify the bill of exceptions.

2. **WAREHOUSEMAN: Estoppel: Evidence: Instructions.** A warehouseman delivered goods to his customer's wife on her presenting the receipt. She sold them to a second-hand man. The evidence was conflicting as to certain acts and representations made by the customer to the warehouseman and the second-hand man, the warehouseman's evidence tending to show an estoppel and the customer's denying the facts. The question of fact was submitted to the jury on instructions without objection. *Held*, the finding could not be disturbed.

3. ———: ———: **Offer to Purchase.** Though the customer of a warehouseman should offer to buy the stored goods of a third party in whose hands he found them, such fact will not estop him from maintaining conversion against the warehouseman, nor is he compelled to pursue the goods in the hands of such third party.

Appeal from Jackson Circuit Court.—*Hon. Edward P. Gates*, Judge.

AFFIRMED.

*Bremermann, Heidelberger & Sherlock* for appellant.

*Paul Merrill* for respondent.

No brief filed.

BROADDUS, P. J.—This suit is for the value of certain household goods belonging to plaintiff and alleged to have been converted by the defendants. The defendants were, on the 15th day of March and at other

Schroeder v. Reinhardt Bros.

times hereinafter mentioned, engaged in the business of conducting a warehouse for the storage of goods for hire. On said day the plaintiff deposited a quantity of household goods with defendants for storage and took a receipt for them which was made out in the name of S. C. Schroeder. The plaintiff was a married man. After the storage of the goods plaintiff and wife moved to Kansas City, Kansas. On the 5th of April, plaintiff's wife, the initials of whose name were "S. C.," went to defendant's place of business with the warehouse receipt and obtained from defendant the said goods and delivered to them the said receipt. Thus far the facts are undisputed.

According to plaintiff's evidence, on about the said 5th day of April, when he went to his home from his business he found that his wife had left and taken all the goods he had at that place with her. It then occurred to him that she might also have taken the goods stored with defendants. He went to their place of business and was informed by one of the defendants that his wife had presented the warehouse receipt and taken the goods, and that they were taken by his wife to a man by the name of Merriweather, who was what he called a "second-hand man," that is a dealer in second-hand goods as we understand the term to mean. He then went to Merriweather and asked for the goods, who told him they had not been sold; that he told him that it was possible that his wife might return, in which case he would like to purchase them back if the price was not too exorbitant; that a part of the goods were already disposed of at that time; that there was nothing left of any value; and that he said to Merriweather that considering the amount his wife got he had got out of it pretty cheap, but that this was said sarcastically. He placed the value of the goods at $250.

Upon cross-examination, he stated that his full name was Harry Gustave Charles Schroeder; that he did not tell one of the defendants that he was satisfied

with the sale of the goods and the price paid for them, but admitted that he said to Merriweather that he supposed that he had got off cheaply, and that he hoped they would have no trouble about the matter. He stated that when he went back to Merriweather's store the second time, a few days later, he found most of the articles had been sold and told him he would see him again at about six o'clock; that he asked him the price of the goods he found there at that time, at which time Merriweather said to him he had sold some of the goods; that he wanted to buy them back because he thought that it was evident that he could do nothing with Merriweather; and that he thought he would clean up the whole business and would rather repurchase the goods and end the whole matter; but that when he went there with his attorney the latter explained to him his rights in the goods; that he said to one of defendants that it was his purpose, if possible, to purchase some of the goods, and asked and obtained from him the warehouse receipt to ascertain what goods were missing.

The defendants' testimony, as stated by them, in substance was as follows: "About forty-eight hours after the goods were delivered to Merriweather, the buyer, the respondent appeared at the defendants' warehouse office and met John J. Rheinhardt, one of the appellants, who informed the respondent that his (respondent's) wife had sold a portion of the goods a day or so before to Merriweather, at which Schroeder told said appellant that he, the respondent, did not want the goods and that he would not make the storage and warehouse company any trouble whatever about the matter; and that he considered the goods well sold, as he was glad to get rid of his wife so cheaply, and that the respondents (appellants) need never fear that he would make them any trouble about the goods; and appellant (respondent) at no time made any demand for said goods, or any time said he wanted them.

Respondent then went to Merriweather's place of business within about a block of appellants' warehouse where he found and saw Mr. Merriweather and all the goods his wife had sold and delivered to Merriweather, not an article had been disposed of. Respondent examined the goods and received some keepsakes from Mr. Merriweather as well an an order on appellants for some boxes of goods his wife did not sell to Merriweather. . . . He told Merriweather to go ahead and sell them, at this time not an article had been sold by Merriweather."

There was a trial before court and jury, which returned a verdict for the plaintiff for $100, upon which judgment was rendered and defendants appealed. The respondent has filed no brief, but has filed a counter abstract in which he challenges that of defendants and asks that the clerk of the trial court be required to certify to this court a copy of the bill of exceptions in the case. Under the law, we cannot do so, as respondent tacitly admits the correctness of appellants' abstract, and so we are compelled to determine the question of law raised by defendants, without the aid of respondent's knowledge of the facts and the result of his investigation of the law of the case.

The court told the jury in proper instructions practically that if it believed the testimony offered by the defendant, plaintiff was estopped from claiming the goods and that they would return a verdict accordingly. The court adopted defendants' theory that if the facts as stated by them were true, plaintiff was not entitled to recover. There is no complaint that there was any error in any respect except that it is insisted that under the testimony the finding should have been for the defendants. The defendants have made no objection to the instructions. They recognize the right of plaintiff to recover unless after he knew of the sale of the goods to Merriweather he made such statements which caused

them to act to their detriment, viz: by saying to the said Merriweather and defendants that he made no claim to the goods; that they need not fear any trouble from him on account of said goods; and that by reason of which statements the goods were afterwards sold by said Merriweather.

With the instructions given was the following: "The jury are instructed that if they believe from the evidence that the plaintiff's wife sold the goods in question to one Merriweather, and that plaintiff and defendant went to Merriweather's store together and found therein all the goods sued for in this action, then it was the duty of plaintiff to notify the defendant and Merriweather that the goods belonged to him, the plaintiff, if they did belong to him, and that he, the plaintiff, should then and there have made a demand for said goods, notified the defendants that the plaintiff intended to hold the defendants liable for said goods or their value, and if the jury believe he did not do so, then their finding will be for the defendant."

It may be admitted that if plaintiff's conduct was such as to induce the defendants and said Merriweather to believe that he would not seek to recover the goods or their value and that, acting upon such understanding, the goods were afterwards sold by Merriweather, upon the principle of estoppel he would not be entitled to recover their value in this action. But plaintiff's testimony was to the effect that he made no such statements. It was for the jury to say whether he did make such statements and their verdict was that he did not. It is true he admits that he offered to buy the goods from Merriweather after he found them in his possession, but that of itself would not have operated to estop him from his remedy against the defendants for the value of the goods. He was not bound to pursue the property in the hands of Merriweather.

The defendants make the further contention that

the warehouse receipt was made out in the name of S. C. Schroeder, the name of plaintiff's wife, and that by reason thereof they were justified in delivering to her the goods when she presented it and demanded them. But there was no effort to show that defendants were induced to deliver the goods to the wife for that reason, and there is no dispute but what plaintiff was the owner and deposited the goods with defendants. And J. J. Reinhardt, one of the defendants, testified that he supposed the initials "S. C." were merely a clerical mistake and that they should have been "H. C."

The case was fairly tried and we do not feel authorized to disturb the verdict. Affirmed. All concur.